IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TASHA MONIQUE LEE,

                Plaintiff

    VS.

TOM CHAPMAN, WARDEN, *et al.*,

            Defendants

NO.  5:07-CV-465 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Before the court is a motion seeking dismissal filed by defendants Tom Chapman, the Georgia Department of Corrections, and the Georgia Board of Paroles and Pardons. Tab #10. Plaintiff Tasha Monique Lee was ordered to (Tab #12) and has filed a response (Tab #19). The defendants have filed a reply. Tab #20. The motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2006, following a jury trial, the plaintiff was convicted of one count of forgery. She was sentenced to ten (10) years incarceration. She was tried, convicted, and sentenced under the name Tasha M. Jones with the name Tasha M. Lee listed as an alias. Upon arriving at Metro State Prison, plaintiff complained that the name listed on her commitment order was incorrect. In particular, she insisted that her name, listed on the order as Tasha Mary Jones, was incorrect and should be changed to Tasha Monique Lee. The plaintiff claims that her request was denied and/or ignored by each of the named defendants.

On December 7, 2007, plaintiff filed the instant action. Tab #1 and Tab #2. Therein, she argues that the defendants' collective failure to recognize her as Tasha Monique Lee caused numerous violations of her constitutional rights. These violations include denial of access to legal mail, notarial services, inmate accounting services, commissary, parole consideration, and various medical treatments. Additionally, she alleges First Amendment freedom of religion, Eighth Amendment cruel and unusual punishment, and Fourteenth Amendment equal protection violations. By way of remedies, she seeks monetary damages and injunctive relief.

Following an initial review of her allegations, but before ordering service, the plaintiff's claims for money damages against defendants Georgia Department of Corrections and Georgia Board of Paroles and Pardons were dismissed. Tab #7 and Tab #27. Thereafter, and after waiving service, the defendants filed the instant motion seeking dismissal alleging, *inter alia*, that the plaintiff had failed to sufficiently state any constitutional claim upon which relief could be granted and that the case should be dismissed on grounds of Eleventh Amendment and qualified immunity.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp*., 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc*., 826 F.2d 1030, 1032 (11 Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

-2-

**DISCUSSION**

**Claims for injunctive relief against state government entities**

As noted above, following an initial review, the undersigned allowed the plaintiff's claims

seeking injunctive relief to proceed against all defendants.  Upon further review, however, it appears

that the claims seeking injunctive relief as against defendants Georgia Department of Corrections

and Georgia Board of Pardons and Paroles are barred by the Eleventh Amendment.  See *Ex Parte*

*Young*, 209 U.S. 123 (1908); *Alabama v. Pugh*, 438 U.S. 781 (1978).  Consequently, and because

there are no other claims pending against these two defendants, **IT IS RECOMMENDED** that they

be **DISMISSED**.

**Damages claims against defendant Chapman in his official capacity**

In the instant 42 U.S.C. §1983 action, plaintiff Lee has sued defendant Chapman individually

and in his official capacity seeking both monetary damages and injunctive relief.  The Eleventh

Amendment, however, bars 42 U.S.C. §1983 actions seeking monetary damages brought in federal

court against state officers acting in their official capacity.  See *Will v. Michigan Dept. of State*

*Police,* 491 U.S. 58, 65 (1989).  Accordingly,  plaintiff's claims seeking monetary damages from

defendant Chapman in his official capacity are improper and should be **DISMISSED**.  **IT IS SO**

**RECOMMENDED.**

-3-

**Damages claims against defendant Chapman in his individual capacity**

In their motion seeking dismissal, the defendants aver that plaintiff's damages claims against defendant Chapman, acting in his individual capacity, are barred by the doctrine of qualified immunity. As such, they contend that these claims should be dismissed. The undersigned agrees.

Qualified immunity shields government officials executing discretionary responsibilities from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Courson v. McMillian*, 939 F.2d 1479, 1486 (11th Cir.1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Where the defense of qualified immunity is raised in a Rule 12(b)(6) motion seeking dismissal, the immunity should be granted if the complaint fails to allege a violation of a clearly established constitutional or statutory right. *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir.1997) (*per curiam*).

In view of the requirement set out above, and because the defendants raised the issue of qualified immunity in their Rule 12(b)(6) motion seeking dismissal, analysis of their assertion of qualified immunity reverts to a determination of whether or not the plaintiff has sufficiently stated a claim. In order to sufficiently state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that an act or omission deprived her of a right, privilege, or immunity secured by the Constitution of the United States and that the that the act or omission was committed by a person acting under color of state law. See *Wideman v. Shallowford Community Hosp., Inc*., 826 F.2d 1030, 1032 (11 Cir. 1987).

-4-

Having reviewed the plaintiff's complaint, as amended, the only potentially improper conduct she attributes to defendant Chapman is his alleged refusal to change the commitment information to reflect the name Tasha Monique Lee in place of Tasha Mary Jones.[1] [2] Even if it assumed that defendant Chapman actually had the authority to make such a change, the undersigned has found no authority indicating or even suggesting that refusing to make such a change violates any constitutional or statutory right.  Consequently, the undersigned must conclude that the plaintiff has failed to sufficiently state a claim.  Because the plaintiff has failed to sufficiently state a claim, it appears that defendant Chapman, in his individual capacity, is entitled to qualified immunity.  Accordingly, **IT IS RECOMMENDED** that the plaintiff's damages claims against defendant Chapman in his individual capacity be **DISMISSED**.

---

[1]In support of her assertion that defendant Chapman's refusal to modify her commitment information was improper, the plaintiff claims that she presented defendant Chapman with all manner of court and other government issued documents listing her name as Tasha Monique Lee.  Of particular note, she also argues that information contained in court orders mandates that her request be granted. She provided copies of these documents as exhibits.  Tab#16.  With regard to the court orders, the exhibits contain an August 10, 1999 Order for Expungement issued in the Superior Court of Cobb County, Georgia wherein the judge found that Tasha M. Lee and Tasha Mary Jones were different people and ordered the Cobb County Sheriff's Office, the Cobb County Superior Court Clerk, the Georgia Crime Information Center, and any other related agencies to expunge the name Tasha M. Lee from the arrest records of Tasha Mary Jones.  The other court order is an August 19, 1999 order issued by United States District Judge Willis B. Hunt, Jr. of the United States District Court for the Northern District of Georgia.  In this order, in what appears to be an action to enjoin a California based employer background information company from reporting the criminal history of Tasha Mary Jones as that of the plaintiff, the district judge acknowledged the state court order but denied the requested relief on jurisdictional grounds.

[2] It is undisputed that the plaintiff's commitment information does, in fact, contain the name "Tasha Monique Lee" as well as several other variants as aliases.

**Claims against defendant Chapman seeking injunctive relief**

Because the plaintiff has failed to sufficiently state a claim against defendant Chapman, there is no basis for injunctive relief.  Accordingly, **IT IS RECOMMENDED** that the claims for injunctive relief against defendant Chapman be **DISMISSED**.

## OTHER PENDING MOTIONS

Also before the court are a several motions filed by the plaintiff.  These motions include a motion seeking summary judgment (Tab #23), a motion seeking a temporary injunction (Tab #35), six motions seeking permission to allow revision of affidavits (Tab #38, Tab #43, Tab #44, Tab #46, Tab #47, Tab #48), a motion to amend the initial motion seeking permission to allow revision of affidavits (Tab #39), and a Motion to Compel (Tab #41).  In view of the above recommendation, the six motions seeking permission to allow revision of affidavits, the motion to amend the first motion seeking permission to allow revision of affidavits, and the Motion to Compel are **DENIED**. Furthermore, **IT IS RECOMMENDED** that the motion seeking summary judgment and the motion seeking a temporary injunction be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the RECOMMENDATIONS herein with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO ORDERED AND RECOMMENDED**, this 5th day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE